Clarence SMITH *v.* CREDIT SERVICE COMPANY

99-275                                          2 S.W.3d 69

Supreme Court of Arkansas
Opinion delivered October 21, 1999

*Steven R. Jackson*, for appellant.

*Stanley M. Holleman*, for appellee.

RAY THORNTON, Justice. Appellant Clarence U. Smith brings this appeal of the decision of the Sebastian County Circuit Court, denying his Motion to Quash the Execution and Vacate the Sale of his property on appeal from the Fort Smith Municipal Court. We have concluded that the municipal court did

not have jurisdiction to impose and execute upon a lien upon real estate and that the trial court erred in denying the requested relief. Accordingly, we reverse and remand.

Appellee Credit Service Company, assignee of certain debts incurred by appellant and his ex-wife at St. Edward Mercy Medical Center in Fort Smith, filed a complaint in Fort Smith Municipal Court on June 16, 1997, against appellant for the payment of the debts. Appellant answered the complaint with his admission of the monies owed and judgment on the pleadings was entered on August 6, 1997, in the amount of $1,708.41, plus $60.00 court costs and $500.00 attorney's fees. Based on this judgment, a writ of execution was issued by the municipal court on February 22, 1998. That writ was recalled by the court at the request of appellee's counsel, and a second writ was issued on March 25, 1998. Appellant was allegedly served with the writ of execution at his home sometime between March 27th and April 3rd, 1998, according to the testimony of the sheriff's deputy. Another deputy testified that he obtained a copy of the real estate tax statements for 1997 from the tax collector's office and selected a piece of property located at 3214 Iola in Fort Smith, showing ownership by Clarence U. Smith, appellant, and Carol A. Smith, appellant's ex-wife, as owners, upon which to levy.

Notice of the proposed sale was given by publication and posting as required by the statute, and a deputy testified that he mailed a copy of the notice of sale to appellant by regular mail. Appellant's tenant, who had entered into an installment land contract with appellant's ex-wife, was turned out of the property. The sale of the property, for $10,000.00 cash, occurred on April 22, 1998, at the courthouse steps, and immediate possession was conveyed to the purchaser.

The report of the sale was made by the deputy on April 22, 1998, and a Sheriff's Bill of Sale was executed on the same day. The Sheriff's return actually shows that the writ of execution was served on the 22nd day of April by attaching the property and selling it the same day, although the officer testified that this was not correct and that they believed they had complied with the requirements of the statute. The "Writ of Execution" submitted into evidence does not include any notice to the debtor of possible state or federal statutory

exemptions, his right to select what property would be levied on, or his right to have the sale take place at the property's location. Testimony of the deputy who selected the property to be levied revealed that he was aware at the time of the levy and execution that the title to land showed a joint owner, Mrs. Smith, and that he knew that "the co-owner was supposed to be notified in writing of the sale," but he did not take any steps to do so.

At trial, appellant strenuously denied having been served any notice by the sheriff's office or having received notice in the mail, and the deputy who claimed to have served him was unable to produce any record as to the date certain that appellant was allegedly served. Appellant testified that he first learned the property had been sold when he tried to collect the rent from the tenant and saw that the house had been "gutted" by the new owner. Appellant then filed a Motion to Quash the Execution and Vacate the Order of Confirmation in the Fort Smith Municipal Court, contending that the municipal court was without jurisdiction to determine cases involving liens on land or title or possession to real property, and that the sale was invalid because of the sheriff's and appellee's failure to follow statutory procedure regarding the issuance of writs of execution and conduct of public sales.

Appellant's motion was denied by the municipal court, finding that appellant had received notice of the sale and that the procedures utilized were correct. Notice of appeal was timely filed in the Sebastian County Circuit Court, and appellant's motion was again denied, as was a motion for reconsideration of the decision. From that order entered November 18, 1998, appellant brings this appeal, arguing that the municipal court was without jurisdiction to proceed against his real property, and that the procedures utilized failed to comply with our statutory requirements for execution. We agree.

Arkansas's constitutional and statutory law have long provided that municipal courts, as well as justices of the peace, are without jurisdiction to address issues involving liens on land or title or possession to real property. Arkansas Constitution, Article 7, provides that municipal courts, also known as corporation courts, are "invested with jurisdiction concurrent with justices of the peace" and that "a justice of the peace shall not have jurisdiction

where a lien on land or title or possession thereto in involved." Ark. Const. art. 7, §§ 40 and 43 (codified at Ark. Code Ann. § 16-19-1004(b)("No real estate shall be levied upon or sold by virtue of any execution issued from a justice of the peace court") and Ark. Code Ann. § 16-17-206(a) (Repl. 1999)("Municipal courts and justices of the peace shall not have jurisdiction in civil cases where a lien on land or title or possession thereto is involved.")).

■ Appellee argued below that these provisions were not applicable to this case because the underlying subject-matter concerned the enforcement of a contract. We agree that a court must be able to enforce its judgments in order to retain its authority to act and note that municipal courts, for instance, possess the authority to enforce their judgments against personal property. *See, e.g.,* Ark. Code Ann. § 16-17-613 (1987)(outlining manner of giving judgment and enforcing and collecting a judgment from municipal court).

■ In this case appellee failed to utilize the statutory provisions by which a judgment entered by a municipal court may become a judgment lien on real estate. Ark. Code Ann. § 16-65-117(a)(1)(A) (Supp. 1999), provides that: "A judgment in the municipal courts of this state shall not be a lien on the real estate owned by the defendant in the county in which the judgment was rendered until the judgment has been filed and indexed in the judgment records of the circuit court in the county in which the judgment was rendered." *Id. See also* Inferior Ct. R. 8(d)("A judgment entered by an inferior court in this state shall not become a lien against any real property unless a certified copy of such judgment, showing the name of the judgment debtor, the date and amount thereof, shall be filed in the office of the circuit clerk of the county in which the land is situated"). There is no disagreement that the judgment was not filed and indexed in the Sebastian county circuit court records. Therefore, the judgment entered by the Fort Smith Municipal Court did not become a lien on appellant's real property. Accordingly, we hold that the trial court erred in denying appellant's motion to quash the execution and vacate the sale of his property, and reverse and remand for further proceedings in accordance with this opinion. This holding renders unnecessary any discussion of appellant's second point on appeal, concerning the validity of questionable procedures utilized in the sale.

Reversed and remanded.